

1133 Avenue of the Americas
Suite 1500
New York, New York 10036
(212) 316-9500
tmartin@kaplanmartin.com

July 14, 2025

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Pusateri, et al. v. Diageo North America, Inc.*, No. 25 Civ. 2482 (E.D.N.Y.)

Dear Judge DeArcy Hall:

    Pursuant to Rule III.A of Your Honor's Individual Practices, we write on behalf of Defendant Diageo North America, Inc. ("Diageo") to respectfully request a pre-motion conference in advance of moving to dismiss Plaintiffs' Complaint ("Compl." (ECF 1)) under Rule 12(b)(6).

    Plaintiffs' claims are wholly without factual or legal merit. The Complaint fails to allege a single fact, including any relevant or comprehensible testing, that comes close to supporting the baseless assertion that Casamigos and Don Julio brand tequilas are not "100% agave." All bottled Casamigos and Don Julio tequilas labeled as "100% agave" are made from 100% Blue Weber agave and undergo a rigorous production and independent, multi-step certification process. They are precisely what they claim to be: tequilas made from 100% Blue Weber agave.

    Plaintiffs offer a scattershot narrative based entirely on unsupported and unverified speculation quoted in blogs and media reports. But none of the sources Plaintiffs cite even mentions Diageo, let alone implicates the company in any misconduct. Plaintiffs invoke regulatory standards but never allege how those standards were breached. They refer to unspecified testing but never say what was tested, how it was tested, or provide any comprehensible result of the alleged testing. They assert fraud without alleging, as they must, a single fact linking Diageo to any deceptive conduct. That approach may generate headlines, but it falls far short of a coherent or credible theory of wrongdoing, much less a viable legal claim. As set forth below, this entirely frivolous Complaint is both factually and legally deficient and should be dismissed.[1]

### I. Plaintiffs' Factual Allegations Are Vague, Conclusory, and Misleading

    ***Plaintiffs Identify No Actual Investigation Involving Diageo or Its Products.*** The Complaint begins by asserting that "an investigation" revealed that Casamigos and Don Julio tequilas contain "concentrations of cane or other types of alcohol." Compl. ¶ 7. Yet Plaintiffs never identify who conducted such an investigation, what methods were used, or what—if anything—it revealed about Diageo's products and manufacturing practices. Plaintiffs provide no basis, and certainly no good faith basis, for any of their allegations.

    In reality, Plaintiffs' so-called "investigation" consists of nothing more than citations to a handful of media stories and blog posts, primarily ones that are consistently supportive of the Additive Free Alliance ("AFA"), a self-anointed industry watchdog group run by two longtime critics of the tequila industry. *None of these sources mentions Diageo, let alone links it to any misconduct.* Courts

---

[1] This letter sets forth arguments Diageo presently intends to advance in its motion to dismiss. Diageo may identify, further develop, and assert additional grounds for dismissal in its briefing.

Hon. LaShann DeArcy Hall
July 14, 2025 | Page 2

have made clear that unverified media speculation and third-party commentary are no substitute for well-pleaded factual allegations. *See, e.g.*, *Duchimaza v. Niagara Bottling, LLC*, 619 F. Supp. 3d 395, 414 n.11 (S.D.N.Y. 2022) (finding plaintiff's reliance on "references to news articles" insufficient to adequately allege falsity of "100% recyclable" label). Here, Plaintiffs offer no allegations regarding Diageo's sourcing, production, or labeling—only general commentary by agave farmers, bloggers, and industry critics. That kind of inference-driven pleading, devoid of any mention of Diageo, cannot support any claim, much less a fraud claim.[2] *See Simner v. LG Elecs. U.S.A., Inc.*, 2023 WL 3173698, at *7 (D.N.J. May 1, 2023) (rejecting consumer fraud claim that "does not include particularized allegations, but rather necessitates leaps of inference based on speculation").

**Plaintiffs Fail to Allege that Diageo's Products Were Tested at All.** Plaintiffs next suggest, though do not actually allege, that the AFA "confirmed" through testing that Diageo's tequilas are adulterated. Compl. ¶ 24. But the Complaint never actually alleges that any of *Diageo's* products were tested. Plaintiffs merely claim that unidentified tequila "that plaintiffs purchased," *id.*, was tested, without stating who made the purchase, who manufactured the tequila, what product was tested, when or where the testing occurred and how the testing was conducted. The Complaint provides no test data, no lab information, no methodology, and indeed, fatally, no results. It offers no information at all.[3] Yet this unexplained testing serves as the sole basis for Plaintiffs' sweeping false assertion that Diageo's tequilas are not 100% agave—a conclusion that is asserted without a single factual allegation about Diageo's ingredients, sourcing, or production. Such patently unfounded allegations fail to state a claim. *See Cohen v. Saraya USA, Inc.*, 2025 WL 581566, at *12 (E.D.N.Y. Jan. 20, 2025) (recommending dismissal of claim based on vague allegations of "independent tests"), *report and recommendation adopted*, 2025 WL 580369 (E.D.N.Y. Feb. 23, 2025); *Myers v. Wakefern Food Corp.*, 2022 WL 603000, at *4 (S.D.N.Y. Mar. 1, 2022) (dismissing false labeling claim based on conclusory allegations tied to an unidentified "laboratory test").

**Plaintiffs Mischaracterize the Science They Cite.** The sole source Plaintiffs rely on to suggest adulteration fails to support their allegations. Plaintiffs quote a blog post to claim that Nuclear Magnetic Resonance ("NMR") testing can "confirm if tequila has been adulterated." Compl. ¶ 23. But they omit the critical preceding word, thereby misrepresenting the quotation—the source actually states that NMR testing can "*potentially* confirm if tequila has been adulterated with cane alcohol." Felisa Rogers, *Is That Really Tequila You're Buying?*, Mezcalistas (Jan. 13, 2025), https://www.mezcalistas.com/tequila-industry-corruption/ (emphasis added). Plaintiffs' assertion is entirely conclusory, offered without explanation or support, and further undermined by their manipulation and misrepresentation of the only source they cite. And, of course, the Complaint alleges no test results of any kind, let alone NMR test results of any Diageo product.

**Plaintiffs Fail to Allege Any Violation of a Regulatory Standard.** Plaintiffs allege that *unidentified* testing showed that *unidentified* tequila "did not meet the regulatory requirements of the

---

[2] Plaintiffs' reliance on "information and belief" for all allegations beyond their own acts, *see* Compl. at 1, is yet another reason to view their frivolous Complaint with deep skepticism. *See, e.g.*, *Citizens United v. Schneiderman*, 882 F.3d 374, 384 (2d Cir. 2018) ("A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory."); *Narang v. Armour*, 2025 WL 1569644, at *10 (S.D.N.Y. June 3, 2025) (noting that "the consensus of courts in this Circuit" is to "look[] skeptically at 'information and belief' pleading").

[3] Earlier this month, the same law firm representing Plaintiffs in this action filed another complaint in the Northern District of California asserting similar claims against Diageo. Although that complaint suffers from many of the same legal defects, it at least purports to include the bottom-line test results on which that plaintiff's theory is based—something entirely and fatally absent here. To be clear, even those allegations fall well short of meeting Plaintiffs' burden. Nonetheless, it is striking that counsel declined to amend the Complaint here to conform with their own more detailed—but still deficient—allegations in California. Prior to submitting this letter, counsel for Diageo contacted Plaintiffs' counsel to ask whether they intended to amend this Complaint in light of their pleading in the California action. On July 10, 2025, they declined.

United States or Mexico." Compl. ¶ 24. The Court can take nothing from this, given the clear lack of any specificity or any connection to Diageo. Plaintiffs list various Mexican and U.S. federal and state regulations, Compl. ¶¶ 27-37, but never explain which provision was violated and how, or how any of it relates to Diageo. Courts reject efforts like these to substitute regulatory citations and legal conclusions for factual allegations. *See Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (courts "giv[e] no effect to legal conclusions couched as factual allegations").

### II. Plaintiffs' Failure to Plead Plausible Facts is Fatal to Their Claims

Despite the entirely speculative nature of their allegations, Plaintiffs seek to represent statewide classes of consumers in New York and New Jersey under four causes of action: violations of New York General Business Law ("GBL") §§ 349 and 350, the New Jersey Consumer Fraud Act ("NJCFA"), and unjust enrichment. To state a claim under GBL §§ 349 or 350, a plaintiff must allege (1) consumer-oriented conduct, (2) that is materially misleading, and (3) that caused actual injury. *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, 2019 WL 3409883, at *3 (E.D.N.Y. July 26, 2019). The NJCFA similarly requires a plaintiff to plead (1) an unlawful—*i.e.*, deceptive—practice, (2) an ascertainable loss, and (3) a causal connection between the two. *Zabransky v. Samsung Elecs. Am. Inc.*, 2025 WL 943091, at *8 (D.N.J. Mar. 28, 2025). Because Plaintiffs fail to allege any misleading conduct, any actual misrepresentation, or any plausible injury, their claims must be dismissed.

***Plaintiffs Fail to Adequately Allege Falsity.*** Plaintiffs allege no facts showing that Diageo's "100% Agave" label is false or misleading. *See supra* § I. Plaintiffs do not identify a tested Diageo product, any actual test results, or any connection between Diageo and the alleged adulteration. At most, they reference a vague "investigation," Compl. ¶ 7, and a claim that someone tested unidentified tequila "that plaintiffs purchased," *id.* ¶ 24—without saying who, what, when, or how. Such threadbare allegations fall far short of stating a GBL claim—much less a NJCFA claim, which is subject to Rule 9(b)'s heightened pleading standard. *See Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011). Labeling claims are routinely dismissed, where, as here, the Complaint offers only vague references to unverified tests and omits any factual basis for deeming the label false. *See, e.g.*, *Hawkins v. Coca-Cola Co.*, 654 F. Supp. 3d 290, 305–07 (S.D.N.Y. 2023); *Cohen*, 2025 WL 581566, at *12; *Myers*, 2022 WL 603000, at *4.

***Plaintiffs Fail to Allege Injury or Overcome Applicable Safe Harbors.*** Plaintiffs' statutory claims fail for the additional reason that they do not allege any actual, measurable harm. Their lone assertion—that they "paid premium prices," Compl. ¶ 25—is legally insufficient without facts showing the existence or magnitude of any such premium. *See Lieberson*, 865 F. Supp. 2d at 538 (NJCFA requires "ascertainable loss"); *Izquierdo v. Mondelez Int'l, Inc.*, 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016) (use of the word "premium" does not establish injury under GBL). Moreover, the GBL expressly exempts conduct that complies with federal regulations, and Diageo's labeling is certified by the CRT—the governing body under the Mexican standards incorporated by U.S. law. *See* GBL §§ 349(d), 350-d(a). The same safe harbor principle bars Plaintiffs' NJCFA claims. *See Doug Grant, Inc. v. Greate Bay Casino Corp.*, 3 F. Supp. 2d 518, 536–37 (D.N.J. 1998).

***Unjust Enrichment and Injunctive Claims Fail as a Matter of Law.*** Finally, Plaintiffs' unjust enrichment claim is entirely derivative of their statutory theories and must be dismissed as duplicative. *See Warren v. Coca-Cola Co.*, 670 F. Supp. 3d 72, 89 (S.D.N.Y. 2023). And their request for injunctive relief fails for lack of standing: Plaintiffs allege they would not repurchase the products unless given "assurance" of accuracy, Compl. ¶ 26, confirming they are not at risk of future deception. *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 147–48 (2d Cir. 2020).

Hon. LaShann DeArcy Hall
July 14, 2025 | Page 4

Respectfully submitted,

Timothy S. Martin

cc:   All Counsel of Record (via ECF)