# HAGENS BERMAN

ATTORNEYS AT LAW

Nathan Tarnor    nathant@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
68 3RD STREET, SUITE 249
BROOKLYN, NY  11231

hbsslaw.com

(646) 543-4992 phone    (917) 210-3980 fax

July 21, 2025

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Pusateri, et al. v. Diageo North America, Inc.*, No. 25 Civ. 2482 (E.D.N.Y.)

Dear Judge DeArcy Hall:

      Plaintiffs respectfully respond to Diageo's pre-motion letter to dismiss the Complaint pursuant to Rule 12(b)(6) (ECF 12). The requested motion is unnecessary and only furthers Diageo's delay in this litigation. Diageo would like to sweep away serious allegations that it is selling adulterated tequila to consumers. But like a bad hangover, Diageo is stuck with the consequences of its own behavior. Here, the Complaint has alleged "enough facts to state a claim to relief that is plausible on its face," and courts are required to "accept all factual allegations as true and draw every reasonable inference from those facts in the plaintiff's favor." *MacNaughton v. Young Living Essential Oils LC*, 67 F.4th 89, 95 (2d Cir. 2023) (vacating dismissal of consumer protection claims) (citations omitted).

      In this case, plaintiffs have alleged they purchased Diageo's tequila products in NY and NJ (Compl. ¶¶ 11-14), and that Nuclear Magnetic Resonance laboratory testing has "confirmed that plaintiffs purchased tequila that was not 100% agave spirts and . . . did not meet the regulatory requirements of the United States or Mexico." (*Id.* at ¶¶ 23-25). The Complaint asserts that Diageo tequilas "consist of significant concentrations of cane or other types of alcohol rather than pure tequila." (*Id.* at ¶ 7). These investigative findings are sufficient to allege violations of U.S. and Mexican regulations because tequila that is labeled as 100% agave may not contain other alcohols. (*Id.* at ¶¶ 29, 32).

      Importantly, the Second Circuit has held that consumer plaintiffs may cite conclusions reached by private regulatory organizations to bolster their allegations. *MacNaughton*, 67 F.4th at 100. "At the pleading stage, [a plaintiff] need not prove the accuracy of [a private regulatory organization]'s findings or the rigor of its methodology; he need only generally allege facts that, accepted as true, make his alleged injury plausible." *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 737 (2d Cir. 2017). *See also Clinger v. Edgewell Pers. Care Brands, LLC*, No. 321-CV-1040 (JAM), 2023 WL 2477499, at *2 (D. Conn. Mar. 13, 2023) (holding consumer protection claim allegations were sufficient in a contaminated sunscreen case, even though plaintiffs "'fail[ed] to identify the name of the laboratory, the lots it tested, and whether the laboratory followed FDA-required' procedures").

July 21, 2025

Page 2

Plaintiffs in this matter allege that the specific tequila they purchased was tested through the Additive Free Alliance ("AFA") in a laboratory using a sophisticated scientific process that confirmed their Diageo tequila was adulterated. These test results did not *potentially* confirm adulteration, they proved it (as the lab reports will show), and these results are bolstered by hyperlinked news articles that reference the tequila testing process and the ongoing protests in Mexico by tequila workers that are angry about adulteration and corruption in the industry. (Compl. at ¶¶ 19-23). *See Equal Emp. Opportunity Comm'n v. 98 Starr Rd. Operating Co., LLC*, 682 F. Supp. 3d 414, 420 (D. Vt. 2023) ("When a plaintiff includes a hyperlink in their complaint, courts have found the linked item is incorporated by reference therein.").

Plaintiffs' combined allegations easily meet the plausibility standard to assert claims under N.Y. Gen. Bus. Law §§ 349, 350 for deceptive acts or practices and false advertising (Counts I & II), and the N.J. Consumer Fraud Act ("NJCFA") (Count III). These statutes include remedies for both injunctions and damages. *See* N.J.S.A. § 56:8–19; GBL §§ 349(h), 350-E (plaintiffs may bring actions "to enjoin such unlawful act or practice" and recover damages). Plaintiffs have adequately alleged damages because they state they "paid super-premium prices" for Diageo's tequila and without Diageo's false statements "would not have bought Diageo tequilas or would have paid less." (*Id.* at ¶¶ 6-8). In fact, the price premium at issue is easily ascertainable because the average price of standard mixto tequila can be compared to 100% agave tequila, which costs significantly more than mixto due to its higher percentage of agave. (*Id.* at ¶ 6 n.5). Furthermore, the Second Circuit has upheld similar consumer damage claim allegations. *MacNaughton*, 67 F.4th at 99 ("'Injury is adequately alleged under GBL §§ 349 or 350 by a claim that a plaintiff paid a premium for a product based on defendants' inaccurate representations.'") (citation omitted); *see also Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *8, 10-11 (N.D.N.Y. Jan. 12, 2016) (allegations that plaintiff paid premium prices are sufficient and noting safe harbor argument in falsely labeled alcohol case is premature at a motion to dismiss stage); *Zabransky*, 2025 WL 943091, at *8 ("plaintiff can sufficiently plead ascertainable loss when they allege they 'got less than what they expected' [under NJCFA]") (citation omitted).

Diageo also challenges the sufficiency of plaintiffs' substantive allegations, but it misconstrues both the facts and applicable pleading standard. *See Bensch v. Estate of Umar*, 2 F.4th 70, 80 (2nd Cir. 2021) ("the plausibility standard does not require that a plaintiff plead every factual detail relevant to liability, or allege facts that, if proved to the factfinder's satisfaction, would rule out every possible defense to his claim."). Notably, "[p]laintiffs are not required to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) for their claims [under GBL §§ 349 and 350]." *Lugones v. Pete and Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 240 (S.D.N.Y. 2020). But even under a heightened pleading standard, plaintiffs' allegations would still be sufficient. Indeed, in *MacNaughton*, the Second Circuit held that consumer claims for falsely labeled "therapeutic" oils met this standard when the complaint could "'(1) specify the

statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" 67 F.4th at 99 (citation omitted). Here, plaintiffs' allegations pass muster because they allege (1) a fraudulent statement, i.e., "Tequila 100% agave"; (2) made by Diageo; (3) on its tequila bottles that were recently sold in NY & NJ; and (4) the statement was false based on the conclusions and findings of an outside organization that tested the tequila plaintiffs purchased from Diageo. (Compl. ¶ 24).

Plaintiffs in this case also seek injunctive relief and expressly state they "intend to purchase Defendant's Product again when they can do so with the assurance that the representations of Defendant's Product are accurate," (Compl. ¶ 26), and they have no way of knowing if Diageo's tequila bottles are adulterated in the future by simply examining their labels. This is, for example, unlike past purchasers of pasta boxes with deceptive weights and volumes that "will not again be under the illusion that the boxes of the newer pastas are filled in the same way as the boxes of the older pastas." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 148 (2d Cir. 2020). Therefore, these "plaintiffs have standing to seek prospective injunctive relief when they assert that they will purchase a product in the future if it is altered." *DeCoursey v. Murad, LLC*, 673 F. Supp. 3d 194, 224 (N.D.N.Y. 2023) citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 961 (9th Cir. 2018) ("we hold that misled consumers may properly allege a threat of imminent or actual harm sufficient to confer standing to seek injunctive relief.").

In any event, this Court need not address the injunction issue now because "injunctive relief is a remedy, and not a cause of action." *Samele v. Zucker*, 324 F. Supp. 3d 313, 332 (E.D.N.Y. 2018). It is premature to address appropriate remedies at the motion to dismiss stage that is focused on the viability of claims. *Id.* at 334. *See In re Lloyd's Am. Trust Fund Litig.*, 954 F. Supp. 656, 682 (S.D.N.Y. 1997) ("a claim for permanent injunctive relief should not ordinarily be dismissed at the pleadings stage, unless the underlying claim upon which relief is sought is dismissed."); *Zabransky v. Samsung Elecs. Am. Inc.*, 2025 WL 943091, at *15 (D.N.J. Mar. 28, 2025) ("The question of liability must be decided 'before the viability of injunctive relief comes into play.'"). Additionally, Diageo argues plaintiffs' unjust enrichment claims are duplicative of their consumer protection claims, but plaintiffs are allowed to plead alternative claims, FRCP 8(d)(3)("A party may state as many separate claims or defenses as it has, regardless of consistency"), and at the pleading stage, the Second Circuit has held a dismissal of an unjust enrichment claim is premature even if it may duplicate GBL claims. *MacNaughton*, 67 F.4th at 100 ("the district court should decide this question in the first instance, once the record has been more fully developed and after considering the viability of the General Business Law claims.").

In short, Diageo's proposed motion to dismiss is futile and unnecessary. Also, Plaintiffs' investigation of Diageo's adulterated and falsely labeled tequila is ongoing and significant new evidence is expected soon. Plaintiffs reserve all rights to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B) (right to amend 21 days after service of a pleading or Rule 12(b) motion).

                              Sincerely,

                              HAGENS BERMAN SOBOL SHAPIRO LLP

                              <u>/s/ *Nathaniel A. Tarnor*</u>

Cc: All Counsel of Record (via ECF)