

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
tmartin@kaplanmartin.com

August 29, 2025

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Pusateri, et al. v. Diageo North America, Inc.*, No. 25 Civ. 2482 (E.D.N.Y.)

Dear Judge DeArcy Hall:

We write on behalf of Defendant Diageo North America, Inc. ("Diageo"), pursuant to Rule III.A.5 of Your Honor's Individual Practices, which requires the filing of a response to Plaintiffs' August 25, 2025 letter, ECF No. 21.

In their August 25 letter, Plaintiffs correctly state that Diageo does not oppose their request for leave to file an amended complaint on or before October 6, 2025, notwithstanding the fact that Plaintiffs' time to amend as of right expired on August 4, 2025. *See* Individual Practices of Judge LaShann DeArcy Hall (E.D.N.Y.) R. III.A.3 ("Service of a pre-motion letter by the moving party within the time requirements of Rule 12 shall constitute timely service of a motion made pursuant to Rule 12(b)."). After Plaintiffs first indicated to us in July that they intended to amend their pleading, as previewed in their prior correspondence, *see, e.g.*, ECF No. 13 at 3, the parties met and conferred on multiple occasions regarding an appropriate schedule for filing their amendment. Despite preferring that Plaintiffs file their amended pleading sooner, Diageo ultimately agreed to the proposed October 6, 2025 deadline, subject to the Court's approval. Accordingly, Diageo joins Plaintiffs in requesting that the Court vacate the briefing schedule on Diageo's motion to dismiss the original complaint that was ordered by the Court on August 22, 2025.

We also note for the Court that substantially identical putative class actions have been filed and are pending against Diageo in the Southern District of Florida and the Northern District of California, the latter of which was brought and is being prosecuted by the same Hagens Berman and Baron & Budd lawyers who represent Plaintiffs in this action. *See Haschemie v. Diageo N. Am., Inc.*, No. 25 Civ. 23367 (S.D. Fla.), ECF Nos. 1-1 (original complaint), 23 (amended complaint); *Jackson v. Diageo N. Am., Inc.*, No. 25 Civ. 5654 (N.D. Cal.), ECF No. 1 (complaint). Both actions assert overlapping allegations and seek to represent overlapping classes based on the same baseless allegation that Diageo's Don Julio and Casamigos brand tequilas are not made from "100% agave." To prevent duplicative litigation and the attendant risk of inconsistent rulings, Diageo has already moved to transfer the Florida and California actions to this Court under the first-to-file rule, *see Haschemie*, No. 25 Civ. 23367 (S.D. Fla.), ECF No. 19; *Jackson*, No. 25 Civ. 5654 (N.D. Cal.), ECF No. 34, and today will file a renewed motion addressing the amended complaint in the Florida action.

      We are available to address any questions the Court may have regarding Plaintiffs' request for leave to amend their complaint, the transfer motions Diageo is bringing or has brought to ensure these overlapping cases are litigated efficiently in a single forum, or any other matters relating to this action.

                                                  Respectfully Submitted,

                                                  Timothy S. Martin

cc:      All Counsel of Record (via ECF)