# EXHIBIT 1




Unidad de Normatividad, Competitividad y Competencia
Dirección General de Normas
Oficio No. DGN.191.02. 2025.2570
Expediente: DENUNCIA: 3094-2025

**Asunto:** Se notifica ACUERDO: 3094-2025, derivado de la Denuncia interpuesta por AGAVEROS 100 POR CIENTO DE ORIGEN MEXICANO, S. DE R.L. DE C.V.

Ciudad de México, a 24 de octubre de 2025.

**Consejo Regulador del Tequila, A.C.**
**Lic. Ricardo Soto Manzanares**
**Apoderado Legal**
Domicilio: Av. Patria, No. 723, Colonia Jardines de Guadalupe, C.P. 45030, Zapopan, Jalisco
Correos electrónicos: rsoto@crt.org.mx; rjimenez@crt.org.mx; rgomez@crt.org.mx y rgonzalez@crt.org.mx.
**P R E S E N T E**



27 OCT. 2025

Oficialía de Partes
OFICIO DESPACHADO

Se hace de su conocimiento que, en el expediente administrativo DENUNCIA: 3094-2025, se emitió lo siguiente:

*"A C U E R D O*

*En la Ciudad de México, a veinticuatro de octubre de dos mil veinticinco.*

*VISTOS, para resolver los autos que integran el expediente tramitado con motivo de la denuncia presentada el 06 de agosto de 2025, mediante volante número 3094, por el C. ******** ****** *******, en adelante el (PROMOVENTE) representante legal de la empresa denominada AGAVEROS 100 POR CIENTO DE ORIGEN MEXICANO, S. DE R.L. DE C.V. en adelante (AGAVEROS), en contra del Consejo Regulador del Tequila, A.C. (CRT), por presuntas violaciones a la Ley de Infraestructura de la Calidad (LIC) y a la Norma Oficial Mexicana NOM-006-SCFI-2012, Bebidas alcohólicas–Tequila–Especificaciones; y*

*R E S U L T A N D O*

*PRIMERO. Que con fecha 06 de agosto de 2025, la Dirección General de Normas recibió un escrito que fue turnado en la misma fecha a la Coordinación de la Infraestructura de la Calidad, dicho escrito fue suscrito por el C. ******** ****** *******, en su carácter de representante legal de la empresa AGAVEROS, mediante el cual denunció que diversas bebidas alcohólicas comercializadas como "100% agave" — específicamente Tequila Don Ramón Plata Diamante, Tequila Don Julio Blanco, Tequila Gran Centenario Plata y Kirkland Signature Tequila Añejo Cristalino— presuntamente incumplen la NOM-006-SCFI-2012 y que el CRT habría certificado y permitido su comercialización en contravención a la LIC;*

*El promovente acompañó su denuncia con diversa documentación, entre la que se identificaron:*
*a) acta notarial de fe de hechos relativa a la adquisición de botellas de tequila y la toma de muestras;*
*b) informes emitidos por el Centro de Innovación Aplicada en Tecnologías Competitivas, A.C. (CIATEC) con resultados de metanol y composición isotópica;*
*c) gráficos de resultados obtenidos mediante el método analítico denominado SNIF-NMR para la determinación del origen botánico del alcohol;*
*d) alegatos sobre supuestos excesos en el contenido de metanol y mezcla con azúcares no provenientes de agave.*




Calle Pachuca #189, Piso 6, Col. Condesa, C.P. 06140, Cuauhtémoc, CDMX Tel: (55) 5729 9100   www.gob.mx/se

Página **1** de **4**

 

**Unidad de Normatividad, Competitividad y Competencia**
**Dirección General de Normas**
**Oficio No. DGN.191.02. 2025.2570**
**Expediente: DENUNCIA: 3094-2025**

**SEGUNDO.** Que el *09 de septiembre de 2025*, mediante oficio *DGN.191.06.2025.2153*, esta Autoridad dio vista al *CRT*, concediéndole un plazo de *diez días hábiles* para manifestar lo que a su derecho conviniera y aportar pruebas documentales pertinentes, apercibiéndolo de las medidas previstas en la *LIC*.

**TERCERO.** Que en la misma fecha se emitió el oficio *DGN.191.06.2025.2154* al *Centro Nacional de Metrología (CENAM)*, solicitando opinión técnica en el ámbito de su competencia, específicamente sobre la validez y trazabilidad del método *SNIF-NMR* empleado por la parte denunciante para sustentar sus alegaciones.

**CUARTO.** Que el *25 de septiembre de 2025*, el *CENAM* emitió respuesta técnica en la que concluyó, en lo sustancial, que:

- *El método SNIF-NMR no constituye un método de referencia reconocido en metrología química internacional para la determinación del origen orgánico del alcohol en tequila.*
- *No existe trazabilidad metrológica establecida para el uso de dicho método en la determinación referida.*
- *El método SNIF-NMR se emplea únicamente de manera semi-cuantitativa en otros productos como vinos y jugos, pero **no es un método primario ni validado para determinar el origen orgánico en la bebida alcohólica denominada tequila**. En conclusión, el CENAM indicó que no podía avalar la confiabilidad del método ofrecido como prueba por el promovente.*

**QUINTO.** Que el *24 de septiembre de 2025*, el *CRT* presentó escrito de manifestaciones mediante el cual:

- *Negó categóricamente todos los hechos imputados.*
- *Alegó la **falta de legitimación activa e interés jurídico** de AGAVEROS, señalando que no es productor autorizado, usuario de la Denominación de Origen Tequila ni productor de agave registrado ante el CRT, además de tener un objeto social mercantil que genera potencial conflicto de interés.*
- *Objeciones a la prueba documental:*
    - *El acta notarial adolece de vicios formales (adquisición sin presencia del fedatario, inconsistencias cronológicas, falta de firma del solicitante).*
    - *Los informes de CIATEC provienen de laboratorio **no acreditado ni aprobado** para ensayos de tequila, empleando métodos no reconocidos por la NOM-006-SCFI-2012 y presentando resultados fuera de reproducibilidad.*
    - *El método SNIF-NMR no está previsto en la NOM-006-SCFI-2012, mostró resultados "No Satisfactorios" en ensayos de aptitud y carece de capacidad para discriminar variedades de agave.*
- *Evidencia técnica aportada: reportes de laboratorio acreditado que confirman que los productos cuestionados cumplen con los límites de metanol y demás especificaciones de la NOM-006-SCFI-2012; y documentación que acredita que la verificación del contenido de azúcares de agave se realiza mediante inspección y control de proceso conforme al marco normativo aplicable.*

**SEXTO.** Para los artículos al PRIMER CONSIDERANDO, al respecto, con fundamento en lo dispuesto por los artículos 8, de la Constitución Política de los Estados Unidos Mexicanos; 34, fracciones II, XIII y XXXIII, de la Ley Orgánica de la Administración Pública Federal; 1; 2; 12; 13; 14; 15; 16, fracción X; 33; 35; 46 y 57, fracción I, de la Ley Federal de Procedimiento Administrativo; 1; 2 ;3; 4, fracciones XVII y XXVII; 9; 53; 54; 55; 56, fracción VII; 59; 139. Fracción II; 14;142; 145 y 153 de la Ley de Infraestructura de la Calidad; 1; 2, apartado A, fracción II, numerales 4 y 19; 3, segundo párrafo; 11; 12, fracciones IV, X y XXIX y 37 del Reglamento Interior de la Secretaría de Economía; con relación al Artículo Primero, fracciones I, subfracción I.5 y VI, subfracción VI.1, del ACUERDO por el que se adscriben orgánicamente las Unidades Administrativas de la Secretaría de Economía publicado en el Diario Oficial de la Federación (DOF) el 10 de abril de 2024; y:

### CONSIDERANDO

**PRIMERO.** El suscrito Lic. Ariel Noel Gutiérrez Contreras, Coordinador de la Infraestructura de la Calidad de la Dirección General de Normas dependiente de la Unidad de Normatividad, Competitividad y Competencia en la Secretaría de Economía; en consecuencia, es competente para realizar las diligencias tendientes a recibir, desahogar y resolver las denuncias que se presenten en contra de las entidades de acreditación o personas acreditadas y aprobadas, conforme a lo dispuesto en la LIC, así como ejercer las demás atribuciones previstas en los artículos 36 último párrafo y 37 del Reglamento Interior de la Secretaría de Economía, de conformidad con los artículos mencionados en líneas precedentes.



 

**Unidad de Normatividad, Competitividad y Competencia**
**Dirección General de Normas**
**Oficio No. DGN.191.02. 2025.2570**
**Expediente: DENUNCIA: 3094-2025**

**SEGUNDO.** La LIC establece en su artículo 153, que las autoridades competentes podrán actuar de oficio o en seguimiento a las denuncias de incumplimiento que le sean presentadas por cualquier persona legítima, por lo que en cumplimiento de dicho precepto, esta Unidad Administrativa, al recibir la denuncia por parte de *AGAVEROS*, instruyó el procedimiento correspondiente; dio vista al CRT mediante el oficio DGN.191.06.2025.2153, otorgando plazo legal para rendir manifestaciones y aportar pruebas para sustentar su dicho; y solicitó opinión técnica al CENAM mediante diverso oficio DGN.191.06.2025.2154, garantizando así el derecho de audiencia y la obtención de elementos técnicos especializados antes de pronunciarse sobre la viabilidad de la denuncia que nos ocupa, de acuerdo a lo siguiente:

> "*Artículo 153. Para la imposición de las sanciones, así como para la realización de los actos de Verificación y Vigilancia, las autoridades competentes podrán actuar de oficio o en seguimiento **a las denuncias de incumplimiento que les sean presentadas por cualquier persona legítima.***"

*(...) Lo resaltado en negrillas es énfasis añadido por esta autoridad.*

**TERCERO.** De la información aportada se advierte que AGAVEROS no acredita ser productor autorizado, titular de la Denominación de Origen Tequila, Organismo de Evaluación de la Conformidad, ni otro sujeto de derecho reconocido en la LIC, para llevar a cabo acciones en defensa de intereses jurídicos propios; sin embargo, en atención al principio de exhaustividad, esta Autoridad analizó el fondo de los planteamientos aún ante la posible falta de legitimación activa.

**CUARTO.** Del análisis y valoración de la prueba realizada, esta Unidad Administrativa, a partir de los elementos técnicos y documentales recabados, hace propio el análisis siguiente:

- *Método SNIF-NMR.* A juicio de esta autoridad, dicho método carece de trazabilidad metrológica reconocida, no es un método de referencia internacionalmente aceptado para la determinación del origen del alcohol en tequila y su uso se limita a determinaciones semi-cuantitativas en otros productos. Por tanto, **no constituye prueba idónea ni suficiente para acreditar incumplimientos** a la NOM-006-SCFI-2012.
- *Informes de CIATEC.* Esta autoridad estima que los dictámenes aportados no provienen de laboratorio acreditado ni aprobado para los ensayos regulados en la NOM-006-SCFI-2012, emplean métodos no previstos en dicha norma y además los valores de metanol fueron indebidamente convertidos; corregida la conversión, se ubican **dentro de los límites permitidos**.
- *Acta de fe de hechos.* Se advierte que presenta deficiencias formales por falta de presencia del fedatario en la adquisición de muestras, inconsistencias cronológicas y ausencia de firma del solicitante, lo que merma su eficacia probatoria.
- *Cumplimiento normativo.* A partir de la documentación y reportes de laboratorio acreditado aportados por el CRT, esta DGN concluye que los productos denunciados cumplen con las especificaciones de la NOM-006-SCFI-2012 y que la verificación del contenido de azúcares de agave se efectúa, conforme a la norma, mediante **inspección in situ del proceso productivo**, no a través de análisis aislados sobre el producto terminado.

En consecuencia, **esta autoridad adopta como propias las conclusiones técnicas y legales** que determinan la invalidez de las pruebas aportadas por el PROMOVENTE y la suficiencia de la evidencia presentada por el CRT para acreditar el cumplimiento normativo.

**QUINTO.** De conformidad con las atribuciones de vigilancia y verificación conferidas a esta Unidad Administrativa por la Ley de Infraestructura de la Calidad, sólo procede imponer medidas correctivas o sanciones cuando se acrediten incumplimientos técnicamente comprobados. En el presente caso, al no haberse demostrado violación alguna mediante pruebas válidas y trazables, la denuncia resulta improcedente e infundada, por lo que del análisis precedente se demuestra que no se actualiza infracción normativa que amerite acción administrativa adicional o violación alguna a la NOM-006-SCFI-2012, que atiende contra la cadena de producción de la bebida alcohólica denominada Tequila.

En virtud de lo anterior y previa valoración de los elementos anteriormente expuestos, esta Unidad Administrativa;

*ACUERDA*

DIRECCIÓN GENERAL DE NORMAS

2 7 OCT. 2025

Oficialía de Partes
OFICIO DESPACHADO




 

Unidad de Normatividad, Competitividad y Competencia
Dirección General de Normas
Oficio No. DGN.191.02. 2025.2570
Expediente: DENUNCIA: 3094-2025

*PRIMERO. Se DESECHA POR IMPROCEDENTE E INFUNDADA la denuncia presentada el 06 de agosto de 2025 por AGAVEROS 100 POR CIENTO DE ORIGEN MEXICANO, S. DE R.L. DE C.V. en contra del Consejo Regulador del Tequila, A.C., al no haberse acreditado violación alguna a la Ley de Infraestructura de la Calidad ni incumplimiento de la NOM-006-SCFI-2012.*

*SEGUNDO. Se hace del conocimiento que toda la información que obra en el expediente en el cual se actúa, es clasificada como información confidencial en términos de los artículos 11, fracción VI y 113, fracciones I y II, de la Ley Federal de Transparencia y Acceso a la Información Pública; artículo 106, fracción II y 116, de la Ley General de Transparencia y Acceso a la Información Pública y 8.5, del Acuerdo mediante el cual el Pleno del Instituto Nacional de Transparencia, Acceso a la Información y Protección de Datos Personales, establece las bases de interpretación y aplicación de la Ley General de Transparencia y Acceso a la Información Pública, publicado en el Diario Oficial de la Federación el 17 de junio de 2015.*

*TERCERO. Agréguese la presente resolución al expediente en que se actúa y en su oportunidad archívese el presente asunto como totalmente concluido.*

*CUARTO. Notifíquese la presente resolución a los corros electrónicos agaveros100porciento@gmail.com; \*\*\*\*\*\*\*\*\*\*\*\*\*\*@gmail.com y \*\*\*\*\*\*\*\*\*@gmail.com con fundamento en el artículo 35, fracción II, de la Ley Federal de Procedimiento Administrativo.*

*QUINTO. Sin prejuicio de lo anterior, quedan a salvo las facultades de esta Unidad Administrativa para que, de considerar lo necesario, ejerza sus atribuciones de vigilancia y verificación del mercado conforme al marco jurídico aplicable."*

Lo anterior se notifica con fundamento en el artículo 35 fracción II de la Ley Federal de Procedimiento Administrativo.

Sin otro particular, aprovecho la ocasión para enviarle un cordial saludo.

ATENTAMENTE

Lic. Ariel Noel Gutiérrez Contreras
Coordinador de la Infraestructura de la Calidad

27 OCT. 2025

c. c. p.   Mtra. Lilian Aurora Pérez Ornelas. Directora General de Normas. Para su conocimiento. Presente.
NAAWJAME
Vol. 3713
CDD 1S.53


# Economy
### Secretariat of Economy



Unit for Regulatory Policy, Competitiveness and Competence
General Directorate of Standards
Official Notice No. DGN.191.02.2025.2570
File: REPORT: 3094-2025

**Subject:** Notice of DECISION: 3094-2025, resulting from the complaint filed by AGAVEROS 100 POR CIENTO DE ORIGEN MEXICANO, S. DE R.L. DE C.V.

Mexico City, on October 24, 2025.

**Tequila Regulatory Council, A.C.**
**Ricardo Soto Manzanares, Esq. Legal Representative**
Address: Av. Patria, No. 723, Colonia Jardines de Guadalupe, C.P. 45030, Zapopan, Jalisco
Emails: rsoto@crt.org.mx; rjimenez@crt.org.mx; rgomez@crt.org.mx y rgonzalez@crt.org.mx.
**BY HAND**

[stamp:] ECONOMY
Secretariat of Economy [logo:] [illegible]
GENERAL DIRECTORATE OF STANDARDS
**27 OCT. 2025**

Clerk's Office NOTICE ISSUED

You are hereby informed that, in the administrative file COMPLAINT: 3094-2025, the following was issued:

*"DECISION*

*In Mexico City, on October 24, 2025.*

**HAVING VIEWED AND CONSIDERED**, *to resolve the proceedings that make up the file processed as a result of the complaint filed on August 6, 2025, through record number* **3094**, *by Mr.* ******** ****** ******* *hereinafter the* **(PETITIONER),** *legal representative of the company named AGAVEROS 100 POR CIENTO DE ORIGEN MEXICANO, S. DE R.L. DE C.V. hereinafter* **(AGAVEROS)**, *against the* **Tequila Regulatory Council, AC. (CRT),** *for alleged violations of the* **Quality Infrastructure Law (LIC) and Official Mexican Standard NOM-006-SCFI-2012, Alcoholic Beverages-Tequila-Specifications; and*

**THEREFORE**

**ONE**. *That on August 6, 2025, the General Directorate of Standards received a letter that was sent on the same date to the Quality Infrastructure Coordination, said document was signed by Mr.* ******** ****** ******* *in his capacity as legal representative of the company* **AGAVEROS**, *by which it was reported that various alcoholic beverages marketed as* **"100% agave"** — *specifically Tequila Don Ramón Plata Diamante, Tequila Don Julio Blanco, Tequila Gran Centenario Plata and Kirkland Signature Tequila Añejo Cristalino*— *allegedly fail to comply with* **NOM-006-SCFI-2012** *and that the* **CRT** *would have certified and allowed their marketing in violation of the LIC;*

*The petitioner accompanied the complaint with various documents, including:*

a)   *certified statement of facts regarding the acquisition of bottles of tequila and sampling;*
b)   *reports issued by the Centro de Innovación Aplicada en Tecnologías Competitivas, A.C. [Center for Applied Innovation in Competitive Technologies, A.C.]* **(CIATEC)** *with results on methanol content and isotopic composition;*
c)   *graphs of results obtained by the analytical method called* **SNIF-NMR** *for determining the botanical origin of the alcohol; and*
d)   *allegations regarding supposed excesses in methanol content and blending with sugars not derived from agave.*



[signature]

**2025**
Year of the Indigenous Woman

Calle Pachuca #189, Piso 6, Col. Condesa, C.P. 06140, Cuauhtémoc, CDMX Tel: (55) 5729 9100 *www.gob.mx/se*

[signature]



**Economy**
Secretariat of Economy



Unit for Regulatory Policy, Competitiveness and Competence
General Directorate of Standards
Official Notice No. DGN.191.02.2025.2570
File: REPORT: 3094-2025

**TWO**. That on **September 9, 2025**, by means of official notice **DGN.191.06.2025.2153**, this Authority notified the **CRT**, granting it a period of **ten business days** to present any arguments deemed appropriate and to submit relevant documentary evidence, being advised of the measures established under the LIC.

**THREE**. On the same date, Official Letter **DGN.191.06.2025.2154** was issued to the Centro Nacional de Metrología [National Metrology Center] **(CENAM)**, requesting a technical opinion within its area of expertise, specifically regarding the validity and traceability of the **SNIF-NMR** method used by the complainant to support their allegations.

**FOUR**. On **September 25, 2025**, the CENAM issued a technical response in which it concluded, substantially, that:

- The **SNIF-NMR** method is not a recognized reference method in international chemical metrology for determining the organic origin of alcohol in tequila.
- There is no established metrological traceability for the use of this method in the determination mentioned.
- The **SNIF-NMR** method is used only in a semi-quantitative manner for other products such as wines and juices, but **it is neither a primary nor a validated method for determining the organic origin in the alcoholic beverage known as tequila.** In conclusion, the **CENAM** indicated that it could not endorse the reliability of the method offered as evidence by the Petitioner.

**FIVE**. On **September 24, 2025, the CRT** submitted a written statement in which it:

- **Categorically denied** all the alleged facts.
- Alleged the **lack of active standing and legal interest of AGAVEROS**, noting that it is not an authorized producer, a user of the Designation of Origin for Tequila, nor a registered agave producer with the **CRT**, and that its corporate purpose creates a potential conflict of interest.
- **Objections to the documentary evidence:**
    - The notarial instrument contains formal defects (acquisition without the notary's presence, chronological inconsistencies, and the applicant's missing signature).
    - **The CIATEC** reports originate from a laboratory that is **neither accredited nor approved** for tequila testing, employing methods not recognized by NOM-006-SCFI-2012 and yielding results that fall outside reproducible limits.
    - The **SNIF-NMR** method is not provided for in NOM-006-SCFI-2012, it showed "Unsatisfactory" results in proficiency tests, and lacks the capability to differentiate agave varieties.
- **Technical evidence submitted:** reports from an accredited laboratory confirming that the questioned products comply with methanol limits and other specifications of NOM-006-SCFI-2012; and documentation demonstrating that the verification of agave sugar content is carried out through inspection and process control in accordance with the applicable regulatory framework.

**SIX**. For the articles to the FIRST WHEREAS CLAUSE, in this regard, based on the provisions of articles 8, of the Political Constitution of the United Mexican States; 34, sections II, XIII and XXXIII, of the Organic Law of the Federal Public Administration; 1; 2; 12; 13; 14; 15; 16, section X; 33; 35; 46 and 57, section I, of the Federal Law of Administrative Procedure; 1; 2; 3; 4, sections XVII and XXVII; 9; 53; 54; 55; 56, section VII; 59; 139. Subsection II; 14; 142; 145 and 153 of the Quality Infrastructure Act; 1; 2, section A, subsection II, numerals 4 and 19; 3, second paragraph; 11; 12, subsection IV, X and XXIX and 37 of the Internal Regulations of the Secretariat of Economy; in relation to Article One, subsection I, paragraph 1.5 and VI, paragraph VI. 1, of the AGREEMENT by which the Administrative Units of the Secretariat of Economy published in the Official Journal of the Federation (DOF) are organically assigned on April 10, 2024; and:

**WHEREAS**

**ONE**. The undersigned Mr. Ariel Noel Gutiérrez Contreras, Coordinator of the Quality Infrastructure of the General Directorate of Standards dependent on the Unit for Regulatory Policy, Competitiveness and Competition in the Secretariat of Economy; as a result, is competent to carry out procedures necessary to receive, process, and resolve complaints filed against accreditation bodies or accredited and approved persons, in accordance with the provisions of the LIC, as well as to exercise the other powers provided in Articles 36 last paragraph and 37 of the Internal Regulations of the Secretariat of Economy, in accordance with the articles cited above.

[stamp:] ECONOMY
Secretariat of Economy [logo:] [illegible]
GENERAL DIRECTORATE OF STANDARDS

**27 OCT. 2025**

[signature]
Clerk's Office NOTICE ISSUED

[signature]



**2025**
**Year of the Indigenous Woman**

[signature]

Calle Pachuca #189, Piso 6, Col. Condesa, C.P. 06140, Cuauhtémoc, CDMX Tel: (55) 5729 9100 *www.gob.mx/se*


 **Economy**
Secretariat of Economy





**Unit for Regulatory Policy, Competitiveness and Competence**
**General Directorate of Standards**
**Official Notice No. DGN.191.02.2025.2570**
**File: REPORT: 3094-2025**

***TWO***. Article 153 of the LIC establishes that the competent authorities may act ex officio or in response to complaints of non-compliance submitted by any legitimate person. In compliance with this provision, upon receiving the complaint from **AGAVEROS**, this Administrative Unit initiated the corresponding procedure; notified the **CRT** through the official notice **DGN. 191.06.2025.2153**, granting the legal term to submit statements and provide evidence to support its position; and requested a technical opinion from the **CENAM** through a different official notice **DGN. 191.06.2025.2154**, thus guaranteeing the right to a hearing and the collection of specialized technical evidence before deciding on the merit of the complaint in question, as follows:

> "*Article 153. For the imposition of sanctions, as well as for carrying out Verification and Oversight actions, the competent authorities may act ex officio or in response to **the complaints of non-compliance** submitted by any legitimate person.*

***(...) The bolded text is emphasis added by this authority.***

***THREE.*** From the information provided, it is noted that AGAVEROS does not demonstrate that it is an authorized producer, holder of the Designation of Origin for Tequila, Conformity Assessment Body, or any other legal entity recognized under the LIC to undertake actions in defense of its own legal interests; however, in accordance with the principle of thoroughness, this Authority analyzed the substance of the claims even in the possible absence of standing.

***FOUR***. From the analysis and assessment of the test performed, this Administrative Unit, based on the technical and documentary elements collected, adopts the following analysis:

- **SNIF-NMR Method.** In the judgment of this authority, this method lacks recognized metrological traceability, is not an internationally accepted reference method for determining the origin of alcohol in tequila, and its use is limited to semi-quantitative determinations in other products. Therefore, **it does not constitute suitable or sufficient evidence to prove** non-compliance **with NOM-006-SCFI-2012**.
- **CIATEC reports**. This authority finds that the submitted reports originate from a laboratory that is neither accredited nor approved for the tests regulated under NOM-006-SCFI-2012, they employ methods not provided for in the standard, and that the methanol values were incorrectly converted; once corrected, they fall within the permissible limits.
- **Certified statement of facts**. It is noted that it contains formal deficiencies, including the absence of the notary during the sample acquisition, chronological inconsistencies, and the applicant's missing signature, which undermines its evidentiary value.
- **Regulatory compliance.** Based on the documentation and accredited laboratory reports submitted by the CRT, this General Directorate of Standards concludes that the reported products comply with the specifications of NOM-006-SCFI-2012 and that the verification of agave sugar content is carried out, in accordance with the standard, through **on-site inspection of the production process**, rather than isolated analyses of the finished product.

Consequently, **this authority adopts** as its own the **technical and legal** conclusions that determine the invalidity of the evidence submitted by the Petitioner and the sufficiency of the evidence presented by the CRT to demonstrate regulatory compliance.

***FIVE.*** In accordance with the oversight and verification powers conferred on this Administrative Unit by the Quality Infrastructure Law, corrective measures or sanctions may only be imposed when technically verified non-compliance is established. In the present case, since no violation has been demonstrated by valid and traceable evidence, the complaint is inadmissible and unfounded. The preceding analysis shows that no regulatory infraction exists that would warrant further administrative action or any violation of NOM-006-SCFI-2012, which governs the production chain of [illegible] known as Tequila.

In light of the foregoing and after evaluating the elements previously presented, this Administrative Unit;

***RESOLVES***

[stamp:] ECONOMY
Secretariat of Economy [logo:] [illegible]
GENERAL DIRECTORATE OF STANDARDS

**27 OCT. 2025**

[signature]
Clerk's Office NOTICE ISSUED

[signature]



**2025**
**Year of the Indigenous Woman**

[signature]

Calle Pachuca #189, Piso 6, Col. Condesa, C.P. 06140, Cuauhtémoc, CDMX Tel: (55) 5729 9100 *www.gob.mx/se*


# Economy
**Secretariat of Economy**



**Unit for Regulatory Policy, Competitiveness and Competence**
**General Directorate of Standards**
**Official Notice No. DGN.191.02.2025.2570**
**File: REPORT: 3094-2025**

**ONE**. *The complaint filed on August 6, 2025, by AGA VEROS 100 POR CIENTO DE ORIGIN MEXICANO, S. DE R.L. DE C.V. against the* **Tequila Regulatory Council, A.C.**, *is* **DISMISSED AS INADMISSIBLE AND UNFOUNDED**, *as no violation of the* **Quality Infrastructure Law** *or non-compliance with* **NOM-006-SCFI-2012** *has been established.*

**TWO**. *Please be informed that all information contained in the file under review is classified as confidential in accordance with Articles 11, subsection VI and 113, subsections I and II, of the Federal Law on Transparency and Access to Public Information; article 106, subsection II and 116, of the General Law on Transparency and Access to Public Information and 8.5, of the Agreement by which the Plenary Session of the National Institute of Transparency, Access to Information and Protection of Personal Data, establishes the principles for interpreting and applying the General Law on Transparency and Access to Public Information, published in the Official Journal of the Federation on June 17, 2015.*

**THREE**. *Add this resolution to the file under review and, in due course, archive the matter as fully concluded.*

**FOUR**. *Please notify this resolution to the email addresses <u>agaveros100porciento@gmail.com</u>: <u>\*\*\*\*\*\*\*\*\*\*@gmail.com</u> and <u>\*\*\*\*\*\*\*\*\*@gmail.com</u> based on Article 35, section II, of the Federal Law of Administrative Procedure.*

**FIVE**. *Without prejudice to the foregoing, the powers of this Administrative Unit are preserved so that, if deemed necessary, it may exercise its oversight and market verification authority in accordance with the applicable legal framework."*

The foregoing is notified based on Article 35, section II, of the Federal Law of Administrative Procedure.

Without further ado, I take this opportunity to extend my kind regards.

### RESPECTFULLY

[seal:] [illegible]
[signature]
**Ariel Noel Gutiérrez Contreras, Esq.**
**Quality Infrastructure Coordinator**

**c.c.**   Lilian Aurora Pérez Ornelas, M.A. General Director of Standards. For your information. By hand.
NAAV/JAME                                Vol. **3713**                                CDD 1S.53
[signature]

[stamp:] ECONOMY
Secretariat of Economy [logo:] [illegible]
GENERAL DIRECTORATE OF STANDARDS

**27 OCT. 2025**

[signature]
Clerk's Office NOTICE ISSUED

[signature]      **2025** **Year of the Indigenous Woman**   Calle Pachuca #189, Piso 6, Col. Condesa, C.P. 06140, Cuauhtémoc, CDMX Tel: (55) 5729 9100 *www.gob.mx/se*   [signature]

Page **4** of **4**



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Official Notice No. DGN.191.02.2025.2570**" is, to the best of my knowledge and belief, a true and accurate translation from Spanish into English.

_____
Jacqueline Yorke

Sworn to before me this
December 15, 2025

_____
Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 27

_____
Stamp, Notary Public