# HAGENS BERMAN

**Nathaniel Tarnor**    nathant@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
68 3RD STREET, SUITE 8
BROOKLYN, NY  11231

**hbsslaw.com**

(646) 543-4992 phone    (917) 210-3980 fax

February 12, 2026

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Pusateri, et al. v. Diageo North America, Inc*., No. 25 Civ. 2482 (E.D.N.Y.)
> *Jackson v. Diageo North America, Inc.,* No. 25 Civ. 6994 (E.D.N.Y.)
> *Haschemie v. Diageo North America, Inc.*, No. 25 Civ. 7036 (E.D.N.Y.)

Dear Judge DeArcy Hall:

Pursuant to Rule III(A) of Your Honor's Individual Practices and Rules 42(a) and 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs in the above-captioned cases respectfully submit this letter motion seeking a pre-motion conference to: (1) consolidate the three above-referenced actions for all purposes; and (2) grant Plaintiffs leave to file a Consolidated Amended Complaint ("CAC"). Plaintiffs in these three cases allege Defendant Diageo North America, Inc. ("Diageo") sells falsely labeled 100% Blue Weber tequilas that are adulterated with cheap, non-agave alcohol. The filing of a CAC is warranted by case law and is the most efficient method to proceed with this litigation.

## I.    Consolidation is Warranted Under Rule 42(a)

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

The Second Circuit has emphasized that Rule 42(a) should be prudently employed as a judicial tool to expedite the course of litigation and to minimize the expenditure of judicial resources. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("'The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure.'") (citation omitted). Here, consolidation is highly appropriate because:

- **Common Questions of Fact:** All three actions allege that Diageo sold adulterated tequila and engaged in a common scheme to defraud consumers. Diageo has filed two letters with this Court arguing that all three cases are related and "arise from the same alleged conduct."

SEATTLE  BERKELEY  BOSTON  CHICAGO  LOS ANGELES  NEW YORK  PHOENIX  SAN DIEGO  LONDON  PARIS

*Pusateri* ECF Nos. 33, 34 at 2. Further, the Plaintiffs in *Haschemie* and in *Jackson* have agreed with Defendants that their cases are related to the *Pusateri* matter under Rule 3(b) of the Rules for the Division of Business for the EDNY. *See Haschemie* ECF No. 65 (noting *Haschemie* Plaintiffs' consent) and *Jackson* ECF No. 44 (which went unopposed by the Plaintiffs in that matter).,

- **Common Questions of Law:** The legal theories—involving violations of consumer protection laws—are similar across the filings. For example, the *Haschemie* action asserts consumer claims under the laws of Florida and California, among other states (*Haschemie* ECF No. 23, Count IV & IX), and *Jackson* and *Pusateri* also raise these same claims. (*Jackson* ECF No. 1, Second Cause of Action; *Pusateri* ECF No. 23, Fourth Claim).

- **Efficiency:** Consolidation will prevent the need for duplicative discovery, conflicting scheduling orders, and the risk of inconsistent adjudications on the merits. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation."). Plaintiffs' counsel in all three cases are cooperating and support consolidation to streamline the litigation. Diageo also asserts these cases are related and that grouping them in some manner will reduce "the risk of inconsistent rulings on common questions of law and fact." *Pusateri* ECF Nos. 33, 34 at 3.

Importantly, the need for consolidation is evident from the multiple conferences that are now scheduled. Indeed, an initial conference is scheduled on April 9th in the *Jackson* case before Magistrate Judge Kaminsky, and a status conference is scheduled on February 24th in the *Haschemie* case before Magistrate Judge Eshkenazi. Because Plaintiffs' counsel in all three cases have reached an agreement to cooperate and jointly litigate these cases, these conferences are duplicative and inefficient to resolve the pending cases. *See 210 Muni LLC v. Mahlum*, 2025 WL 2403195, at *3 (S.D.N.Y. Aug. 19, 2025) (consolidating cases because "'[t]he substantial overlap of facts, law, and defendants weigh in favor of consolidation.'") (citation omitted).

These considerations far outweigh any potential prejudice or confusion. As noted in *Johnson*, a "court has broad discretion to determine whether consolidation is appropriate," 899 F.2d 1284, and when considering consolidation it should decide whether the risks of prejudice or confusion at trial are outweighed by "[1] the risk of inconsistent adjudications of common factual and legal issues, [2] the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, [3] the length of time required to conclude multiple suits as against a single one, and [4] the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* at 1285 (citation omitted). In these cases, consolidation offers significant advantages and any confusion can be reduced by using clear jury instructions and verdict sheets if the cases ever proceed to trial. *Id.*

## II.     Leave to File a Consolidated Amended Complaint

To further the interests of efficiency, Plaintiffs also request leave to file a CAC. Under FRCP 15(a)(2), leave to amend should be "freely give[n] . . . when justice so requires."

In the context of consolidated class actions, the Second Circuit recognizes that in "complex and multifaceted actions with a number of similar complaints the adoption of a consolidated complaint is a device well-suited to achieving economies of effort on the part of the parties and of the court." *Katz v. Realty Equities Corp. of New York*, 521 F.2d 1354, 1359 (2d Cir. 1975). *See also* 9A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2382 (3d ed.) (collecting cases) ("Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint, used often in complex litigation, in cases consolidated both for pretrial discovery and for trial."). Here, a single operative complaint will clarify the claims for the Court, streamline the motion to dismiss phase, and further future discovery.

Notably, a consolidated amended complaint will be particularly useful in resolving the motion to dismiss phase because the complaints in all three actions have overlapping factual and legal issues but the briefing has not started or is lacking in *Jackson* and *Haschemie*. Indeed, no briefing schedule has been set for the *Jackson* case and the briefing that occurred in the *Haschemie* case happened before it was transferred from Florida. *See Haschemie* ECF Nos. 55, 59, 60. Consequently, the *Haschemie* briefing addressed Eleventh Circuit precedent, which may require revision now that the case is in the Second Circuit. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,* 2005 WL 106936, at *5 (S.D.N.Y. Jan. 18, 2005) (holding that when deciding federal issues in cases that are transferred from other circuits, the court is "bound only by the opinions of the Supreme Court and Second Circuit").[1]  Thus, a single complaint and single set of briefing papers will help ensure efficiency and avoid confusion and potential inconsistencies.

### III.     Conclusion

Consolidation is authorized by existing law and will not significantly prejudice any party; rather, it will ensure the "just, speedy, and inexpensive determination" of these proceedings as mandated by Federal Rule of Civil Procedure 1. Plaintiffs have conferred with counsel for Diageo, who did not agree to support this request. This Court should exercise its substantial discretion to consolidate these cases and allow the filing of a consolidated amended complaint.

---

[1] To ensure this request is uniformly considered across all three related matters, concurrent with this filing, Plaintiffs in *Haschemie* will file a notice of filing on the docket in that matter, attaching this letter.

February 12, 2026

Page 4

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

/s/ *Nathaniel A. Tarnor*

Cc: All Counsel of Record (via ECF)