

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
tmartin@kaplanmartin.com

February 20, 2026

**VIA ECF**

The Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Pusateri, et al. v. Diageo N. America, Inc.*, No. 25 Civ. 2482 (E.D.N.Y.) ("*Pusateri*");
*Jackson v. Diageo N. America, Inc.*, No. 25 Civ. 6994 (E.D.N.Y.) ("*Jackson*"); and
*Haschemie, et al. v. Diageo N. America, Inc., et al.*, No. 25 Civ. 7036 (E.D.N.Y.)
("*Haschemie*")

Dear Judge DeArcy Hall:

We write on behalf of Diageo North America, Inc., Diageo Beer Company USA, and Diageo Americas, Inc. (collectively, "Diageo") in response to Plaintiffs' February 12, 2026 letter motion seeking: (1) consolidation of the above-referenced actions, and (2) leave to file a new consolidated amended class action complaint. ECF No. 35 ("Mot."). The motion should be denied in its entirety.

First, consolidation at this stage would be premature and inefficient. Motions to dismiss are fully briefed in *Pusateri* and *Haschemie*, and Diageo has sought a pre-motion conference regarding dismissal in *Jackson*, *see Jackson*, ECF No. 47. The more orderly course is to resolve the pending motions—at minimum in the first-filed action, *Pusateri*—and then determine whether any claims remain to consolidate. That sequencing is especially appropriate given Plaintiffs' own litigation choices—filing parallel, duplicative actions in multiple jurisdictions, opposing transfer, before now seeking to merge the very cases they previously insisted should proceed separately.

Plaintiffs' request for leave to file yet another amended complaint is likewise improper. Having exhausted—or allowed to lapse[1]—their amendments as of right in all three actions, Plaintiffs now seek what would be their sixth attempt in nine months to plead viable claims. But Rule 15 does not permit litigants to test their pleadings through Rule 12 motion practice and then seek a wholesale reset without demonstrating how further amendment would cure their pleadings' identified deficiencies. Plaintiffs make no such showing here and do not even submit a proposed amended complaint, as Local Civil Rule 15.1 requires. Their request follows motion practice that exposed deficiencies in their pleadings, reflects repeated failure to remedy those deficiencies despite multiple prior complaints, and would prejudice Diageo by nullifying fully briefed motions and restarting the pleading cycle. That prejudice is underscored by Plaintiffs' representation to Diageo

---

[1] In *Pusateri* and *Haschemie*, Plaintiffs have already filed amended complaints. *See Pusateri*, ECF No. 23; *Haschemie*, ECF No. 23. Because Diageo filed a pre-motion letter in *Jackson* on January 28, 2026, in advance of its motion to dismiss, *Jackson*, ECF No. 47, the *Jackson* Plaintiff's time to amend as of right expired February 18, 2026. *See* Fed. R. Civ. P. 15(a)(1) (amendment due "21 days after service of a motion under Rule 12(b)"); Individual Practices of Judge LaShann DeArcy Hall (E.D.N.Y.) R. III.A.3 ("Service of a pre-motion letter by the moving party within the time requirements of Rule 12 shall constitute timely service of a motion made pursuant to Rule 12(b).").

that the proposed consolidated complaint would merely merge into a single pleading the existing named representatives asserting the same claims—rendering amendment either unnecessary or, if something more is contemplated, entirely unexplained.  Plaintiffs should not be allowed to disrupt these cases' posture at the precise moment their pleadings are poised for review, after extensive motion practice has exposed their deficiencies.  The Federal Rules do not permit such a result.

### I.        Consolidation Is Premature and Would Not Promote Efficiency at This Stage

Rule 42(a) is permissive, not mandatory.  Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court *may . . .* consolidate the actions." (emphasis added)).  In exercising its discretion, the Court must balance the efficiencies of consolidation against the risks of prejudice and delay.  *Ruane v. Cnty. of Suffolk*, 923 F. Supp. 2d 454, 461 (E.D.N.Y. 2013).

Although Plaintiffs emphasize the presence of common questions (a position squarely at odds with their arguments opposing transfer to this Court, *see, e.g.*, *Jackson*, ECF No. 38 at 8 (arguing that *Jackson* "asserts additional claims, seeks different relief, [and] raises issues that [*Pusateri*] cannot resolve")), that alone does not justify consolidation at the pleading stage— particularly where dispositive motions are pending.  Any efficiencies relevant to the Rule 12 phase can be achieved at this time without formal consolidation.  The cases are already in the same Court, and, subject to further review by the Court, may soon all be before Your Honor.[2]  The Court can coordinate scheduling and avoid inconsistent rulings without merging the actions.

The additional efficiencies Plaintiffs invoke—avoiding duplicative discovery and conflicting scheduling orders—are relevant only if claims survive dismissal.  If the pending motions are granted, there will be nothing to consolidate.  Courts routinely defer consolidation where motions to dismiss are pending for precisely that reason. *See, e.g.*, *Dahhan v. OvaScience, Inc.*, 2018 WL 3429901, at *3 (D. Mass. July 16, 2018) (denying consolidation "at this juncture" because there was "a pending and fully briefed motion to dismiss in [one action], and no responsive pleading yet [in the other]"); *Osman v. Weyker*, 2016 WL 10402791, at *3 (D. Minn. Nov. 21, 2016) ("The Court has concluded that consolidation is premature in light of the fact that defendants plan to move for dismissal under Rule 12(b)(6) . . . . Consequently, the Court has denied defendants' motions without prejudice to their right to renew the motions if some of the plaintiffs' claims survive defendants' dispositive motions."); *Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) ("The Court finds that judicial efficiency is best served by deciding the pending motions to dismiss and transfer prior to any consolidation . . . Plaintiff may [later] renew its motion for consolidation.").[3]  Consolidation at this juncture would also risk prejudice to Diageo by delaying a ruling in *Pusateri*, where the motion to dismiss has been fully briefed. Judicial economy is best served by deciding that motion first and reassessing consolidation, if necessary, afterward.[4]

---

[2] Diageo's unopposed motion to designate *Haschemie* as related and to be reassigned to Your Honor was filed on January 16, 2026 and remains pending.  *See Pusateri*, ECF No. 34.

[3] None of Plaintiffs' cases consider, much less endorse, consolidating actions while motions to dismiss are pending.  *See Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130, 132 (2d Cir. 1999) (vacating application of res judicata in motion to dismiss decision and directing the district court to "consider[]" consolidation of cases on remand); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (affirming consolidation of "two cases for trial"); *210 Muni LLC v. Mahlum*, 2025 WL 2403195, at *1-2, *4 (S.D.N.Y. Aug. 19, 2025) (consolidating a later-filed action in which defendants had not answered or moved to dismiss with an earlier-filed action in the midst of discovery).

[4] In the event that the Court chooses to consolidate the actions, Diageo respectfully submits that consolidation need not disturb the pending motion to dismiss in *Pusateri*.  *See, e.g.*, *Lia v. Saporito*, 2011 WL 6131565, at *7, n. 3 (E.D.N.Y. Dec. 7, 2011) ("The consolidation does not affect the pending motions to dismiss the [] complaint. Those motions are

## II.     Plaintiffs' Request to File a Sixth Pleading Should Be Denied

Even if the Court were to consolidate the actions, leave to file an amended consolidated complaint should be denied.  A consolidated amended complaint would represent Plaintiffs' sixth attempt to plead viable claims in nine months across all three actions.  Rule 15 does not permit plaintiffs to exhaust or forgo amendments as of right, test their pleadings through full Rule 12 briefing, and then seek a do-over after their complaints' deficiencies have been exposed.  Nor does it entitle litigants to serial repleading absent a showing that further amendment would cure identified defects.

Plaintiffs devote less than a page to their request, seemingly assuming that consolidation automatically entitles them to yet another amended pleading.  It does not.  Because Plaintiffs can no longer amend as of right in any of the three actions, they must obtain leave of Court under Rule 15(a)(2).  And in this District, a motion for leave to amend must comply with Local Civil Rule 15.1, which requires submission of both a clean copy of the proposed amended pleading and a redline showing all proposed changes.  Plaintiffs submitted neither.  They ask the Court to grant leave to amend in the abstract, without disclosing what they propose to change or why amendment would be warranted. That procedural failure alone warrants denial.

The request fails on the merits as well.  Although Rule 15 reflects a liberal standard, leave may properly be denied for "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). Each of those considerations weighs decisively against amendment here.

Amendment would be futile because Plaintiffs do not explain how a new pleading would cure the substantive defects identified in Diageo's pending Rule 12 motions.  It is unduly delayed because the request comes only after Diageo fully briefed dismissal arguments exposing deficiencies in the existing complaints.  It reflects repeated inability to cure, as Plaintiffs have already filed five complaints across these actions (plus one improper attempt to cure their pleading deficiencies through a declaration in *Pusateri* attached to their opposition to Diageo's motion to dismiss, *see Pusateri*, ECF No. 31-6) without remedying those defects.  It would cause concrete prejudice by nullifying fully briefed motions and restarting the pleading cycle.  And the timing confirms that any substantive changes Plaintiffs may wish to make are a direct response to Diageo's Rule 12 briefing, not to the recent transfer orders or any newly discovered facts or change in law. Plaintiffs' counsel has represented to Diageo that the proposed consolidated complaint would merely merge into a single pleading their existing named representatives asserting the same claims. If that is so, amendment serves no legitimate purpose because the sufficiency of those claims is already before the Court.  If it is not so, Plaintiffs were obligated to identify the substantive changes they intend to make.  They did neither.

For all of these reasons, Diageo respectfully requests that the Court deny Plaintiffs' motion to consolidate as premature and deny their request for leave to file a sixth pleading in the form of a consolidated amended complaint.[5]

---

fully briefed and no further briefing will be allowed as a result of the consolidation."); *Ashcroft v. New York State Dep't of Corr. Servs.*, 2009 WL 1161480, at *2 (W.D.N.Y. Apr. 29, 2009) (same).

[5] At minimum, if the Court were inclined to consider amendment, Diageo respectfully requests that Plaintiffs be required to submit a proposed consolidated amended complaint in compliance with Local Civil Rule 15.1 and that the Court permit full briefing on whether leave to amend is warranted under Rule 15.

Respectfully submitted,

Timothy S. Martin

cc:  All Counsel of Record (via ECF)