

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
tmartin@kaplanmartin.com

May 6, 2026

**VIA ECF**
The Honorable LaShann DeArcy Hall
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Pusateri, et al. v. Diageo N. America, Inc.*, No. 25 Civ. 2482 (E.D.N.Y.) ("*Pusateri*");
*Jackson v. Diageo N. America, Inc.*, No. 25 Civ. 6994 (E.D.N.Y.) ("*Jackson*"); and
*Haschemie, et al. v. Diageo N. America, Inc., et al.*, No. 25 Civ. 7036 (E.D.N.Y.)
("*Haschemie*")

Dear Judge DeArcy Hall:

We write on behalf of Diageo North America, Inc., Diageo Beer Company USA, and Diageo Americas, Inc. (collectively, "Diageo") in response to Plaintiffs' April 29, 2026 letter withdrawing their motion to consolidate the above-captioned actions.  *See Pusateri*, ECF No. 37; *Jackson*, ECF No. 53; *Haschemie*, ECF No. 76.

Diageo appreciates that Plaintiffs "now agree with Defendants that [consolidation] should be deferred until the Court adjudicates all pending motions to dismiss." *Pusateri*, ECF No. 37 at 1. For the Court's convenience, the current status of those motions is as follows:

- *Pusateri*:  Diageo's motion to dismiss and request for oral argument is fully briefed and pending.  *See Pusateri*, ECF Nos. 30-32.

- *Haschemie*:  Diageo's motion to dismiss was fully briefed prior to transfer from the Southern District of Florida and remains pending.  *See Haschemie*, ECF Nos. 55, 59-60.

- *Jackson*:  Diageo's letter motion for a pre-motion conference in advance of moving to dismiss the *Jackson* complaint following transfer from the Northern District of California has been submitted, along with Plaintiff's response, and is pending.  *See Jackson*, ECF Nos. 47-48.

At this juncture, Diageo respectfully submits that the most efficient course would be to stay the *Haschemie* and *Jackson* matters pending resolution of the motion to dismiss in *Pusateri*.  District courts have broad discretion under their inherent authority to manage their dockets, including staying cases when active litigation "would only waste the parties' resources and the Court's time." *Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015). Such a stay would allow the Court to address threshold legal issues in the first-filed action before determining how those rulings bear on the later-filed cases.  It would also promote an orderly sequence of adjudication, avoid unnecessary motion practice (including with respect to discovery), and ensure that the parties and the Court are not expending resources addressing claims that may be materially narrowed—or

eliminated—by the Court's ruling in *Pusateri*. Indeed, sequencing the cases in this manner would accord with the principles underlying the first-filed rule that led to the transfer of those actions to this District. *See, e.g.*, *Parkis v. Microsoft Corp.*, 2009 WL 1585003, at *1 (N.D.N.Y. June 4, 2009) (staying later-filed putative class action pending class certification proceedings in first-filed case); *Santana v. Cavalry Portfolio Servs., LLC*, 2019 WL 6173672, at *6 (S.D.N.Y. Nov. 19, 2019) (staying later-filed action pending adjudication of the first-filed action); *cf. Yost v. Everyrealm, Inc.*, 2023 WL 2859160, at *12 (S.D.N.Y. Apr. 10, 2023) (exercising discretion to stay claims pending outcome of arbitration of "parallel claims" because "a stay will conserve resources, insofar as developments in, and the outcome of, the arbitration will have obvious potential to moot, narrow, or inspire the settlement of claims in this litigation").[1]

Under that approach, the Court could resolve the *Pusateri* motion first, after which the parties could address the implications of that ruling for the remaining actions, including through targeted supplemental briefing if necessary. If any claims remain at that stage, the parties would be well-positioned to address whether consolidation would meaningfully advance the efficient resolution of those claims.

Alternatively, if the Court prefers to proceed with the motions to dismiss in all three actions in parallel, Diageo is prepared to do so. Plaintiffs have exhausted—or allowed to lapse—their amendments as of right in each case, and the operative complaints are therefore ripe for adjudication on the merits.[2] As noted, the *Pusateri* motion is fully briefed and ready for decision, subject to any oral argument the Court may wish to hear. As to *Haschemie*, because the motion was briefed prior to transfer, Diageo is available to submit targeted supplemental briefing addressing any impact of the transfer on the issues presented. And in *Jackson*, Diageo stands ready to proceed promptly with full briefing at the Court's direction.[3]

We are, of course, prepared to proceed in whatever manner the Court deems appropriate and are available to address any questions at the Court's convenience.

Respectfully submitted,

Timothy S. Martin

cc:     All Counsel of Record (via ECF)

---

[1] Should the Court so desire, Diageo stands ready to provide full briefing on the merits of staying *Haschemie* and *Jackson* in light of their current posture.

[2] Plaintiffs have already amended their complaints in *Pusateri* and *Haschemie*. *See Pusateri*, ECF No. 23; *Haschemie*, ECF No. 23.

As to *Jackson*, because Diageo filed its pre-motion letter in advance of its motion to dismiss on January 28, 2026, *Jackson*, ECF No. 47, Plaintiff's time to amend as of right expired on February 18, 2026. *See* Fed. R. Civ. P. 15(a)(1) (amendment due "21 days after service of a motion under Rule 12(b)"); Individual Practices of Judge LaShann DeArcy Hall (E.D.N.Y.) R. III.A.3 ("Service of a pre-motion letter by the moving party within the time requirements of Rule 12 shall constitute timely service of a motion made pursuant to Rule 12(b)."). This Court's rule regarding the effect of a pre-motion letter was previously highlighted in *Pusateri*, which involves the same Plaintiffs' counsel. *See Pusateri*, ECF No. 22 at 1.

[3] To the extent the Court prefers to have *Haschemie* and *Jackson* proceed in this manner, Diageo would seek a stay of discovery in those actions from Magistrate Judge Kaminsky pending resolution of the motions to dismiss.