VIA ECF                                                      May 8, 2026

The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**    ***Pusateri, et al. v. Diageo N. America, Inc.*, No. 25 Civ. 2482 (E.D.N.Y.)**
        ***Jackson v. Diageo N. America, Inc.,* No. 25 Civ. 6994 (E.D.N.Y.)**
        ***Haschemie, et al. v. Diageo N. America, Inc., et al.*, No. 25 Civ. 7036 (E.D.N.Y.)**

Dear Judge Hall:

Plaintiffs submit this brief response to Diageo's May 6, 2026, letter responding to Plaintiffs' request to defer consolidation, in which Diageo requests that the Court stay the *Haschemie* and *Jackson* actions pending resolution of the motion to dismiss in *Pusateri*. Plaintiffs did not request or agree to such a stay, nor did they suggest that the later-filed actions should be stayed while *Pusateri* proceeds. Plaintiffs merely advised that because all three actions are now before Your Honor and independent motions to dismiss remain pending, they are not pursuing consolidation at this time.

Diageo's stay request should be denied. As a threshold matter, Diageo seeks affirmative relief by letter rather than motion, without conferring with Plaintiffs first or affording Plaintiffs a fair opportunity to respond. If Diageo seeks a stay, it should be required to file a motion for that relief.

In any event, Diageo has not come close to making the required showing. It is well settled that the mere filing of a motion to dismiss does not establish "good cause" for a stay. *See In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); Fed. R. Civ. P. 26(c). Rather, good cause "requires a showing of facts militating in favor of the stay." *In re Currency Conversion Fee*, 2002 WL 88278, at *1. In considering a stay, Courts in this District generally consider "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Am. Fed'n of Musicians & Emp'rs' Pension Fund v. Atl. Recording Corp.*, No. 15-cv-6267, 2016 WL 2641122, at *1 (S.D.N.Y. Jan. 8, 2016).

Diageo does not address those factors. It does not show that Plaintiffs' claims lack merit or identify any concrete discovery burden. And it ignores the prejudice Plaintiffs would face from delaying related actions involving overlapping facts, witnesses, documents, and alleged misconduct. Instead, Diageo relies primarily on generalized appeals to efficiency. But although the actions involve overlapping factual allegations, they do not assert identical claims or legal theories. The complaints arise under different combinations of state laws, and *Jackson* additionally asserts a federal RICO claim absent from the other actions.

Accordingly, resolution of the motion to dismiss in *Pusateri* will neither resolve nor materially narrow the issues presented in *Haschemie* and *Jackson*. Nor is there any substantial risk of inconsistent rulings, because all three actions are now before the same Court and can be

coordinated as appropriate. To that end, the *Jackson* and *Haschemie* matters are both set for their initial conference before Judge Kaminsky on June 9, 2026, and those Plaintiffs are now coordinating together to work with Defendants on the requisite discovery-related filings required for those conferences.  Under these circumstances, allowing the actions to proceed in parallel will better promote efficient case management and avoid piecemeal litigation.

Plaintiffs therefore respectfully request that the Court deny Diageo's request to stay *Haschemie* and *Jackson*. Alternatively, if the Court is inclined to consider a stay, Plaintiffs respectfully request that Diageo be required to file a motion so the issue can be fully briefed under the governing standard.

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**
By: /s/ *Nathaniel A. Tarnor*
Nathaniel A. Tarnor
594 Dean Street, Suite 8
Brooklyn, NY 11238
Telephone: (212) 752-5455
Email: nathant@hbsslaw.com

Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com
*Counsel for Pusateri & Jackson*

**BARON & BUDD P.C.**
By: /s/ *Roland Tellis*
Roland Tellis
David Fernandes
Isaac Miller
15910 Ventura Boulevard, Suite 1600
Encino, CA 91436
Telephone: 818.839.2333
rtellis@baronbudd.com
dfernandes@baronbudd.com
imiller@baronbudd.com
*Counsel for Pusateri & Jackson*

**RENNERT VOGEL MANDLER & RODRIGUEZ, P.A.**
By: /s/ *Daniel S. Maland*
Daniel S. Maland
Robert M. Stein
Sandra E. Mejia
Miami Tower, Suite 2900
100 S.E. Second Street
Miami, Florida 33131
Telephone: 305.577.4177
dmaland@rvmrlaw.com
rstein@rvmrlaw.com
smejia@rvmrlaw.com
*Counsel for Haschemie*